FILED
AUG 12 2009
Clerk, U.S. District and
Bankruptcy Courts

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| Herbert Chavis, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action No. 09 1522 |
| | ) | |
| United States of America, | ) | |
| | ) | |
| Respondent. | ) | |

MEMORANDUM OPINION

This matter is before the Court on petitioner's application for a writ of *habeas corpus* and his application to proceed *in forma pauperis*. The Court will grant the application to proceed *in forma pauperis* and dismiss the case for lack of jurisdiction.

Petitioner claims that the United States District Court for the Middle and Western Districts of North Carolina ignored his "colorable innocence claims." Pet. at 5. A claim, such as this one, challenging a judgment of conviction must be presented to the sentencing court by motion filed pursuant to 28 U.S.C. § 2255. *See Taylor v. United States Board of Parole*, 194 F.2d 882, 883 (D.C. Cir. 1952) (motion under § 2255 is proper vehicle for challenging constitutionality of statute under which defendant is convicted); *Ojo v. Immigration & Naturalization Service*, 106 F.3d 680, 683 (5th Cir. 1997) (the sentencing court is the only court with jurisdiction to hear defendant's complaint regarding errors that occurred before or during sentencing). Section 2255 provides specifically that:

> [a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States . . . or is otherwise

subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a). Moreover, the ability to challenge a conviction by a motion to vacate sentence generally precludes a challenge by a petition for habeas corpus:

> [a]n application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to [28 U.S.C. § 2255], shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e). Petitioner has not shown that his available remedy is inadequate or ineffective.

Because this Court is not the sentencing court, *see* Pet. at 2, it is without jurisdiction to entertain petitioner's claim. To the extent that petitioner is seeking review of his sentencing court's denial of § 2255 relief, *see* Pet. at 3, his recourse lies presumably in the United States Court of Appeals for the Fourth Circuit. A separate order of dismissal accompanies this Memorandum Opinion.

/s/ _____
United States District Judge

Date: August __7__, 2009